**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

RAYMOND S. SMITH, a/k/a Ray Ray

No. 98-4151

Smith, a/k/a Raymond Sylvester
Smith, a/k/a Wayne Duckett, a/k/a
Dominic Frazier, a/k/a Pete Lump,
a/k/a Pete Smith,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 98-4152

LAFAYETTE N. DOTSON, JR., a/k/a La
La Bubbles,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Robert E. Payne, District Judge.
(CR-97-332-A)

Argued: December 2, 1998

Decided: January 22, 1999

Before MICHAEL and TRAXLER, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Drewry Bacon Hutcheson, Jr., MCGINLEY, ELSBERG
& HUTCHESON, P.L.C., Alexandria, Virginia, for Appellant Smith;
Suzanne Little, Alexandria, Virginia, for Appellant Dotson. Jack I.
Hanly, Assistant United States Attorney, Alexandria, Virginia, for
Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney, Alex-
andria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Raymond S. Smith and Lafayette N. Dotson were each convicted
of first-degree murder and assault with a deadly weapon. Smith con-
tends that the district court erred in refusing to recognize that newly
discovered evidence entitles him to a reversal of his conviction and
a new trial. Dotson challenges his conviction on three grounds, assert-
ing that (1) his Sixth Amendment right to confrontation was compro-
mised by the government's choice of words in a redacted confession
by Smith, (2) the district court should have severed Dotson's trial
from Smith's trial, and (3) there is insufficient evidence to support his
conviction. For the reasons that follow, we affirm.

I

In the early morning hours of January 10, 1997, a group of inmates
at Lorton Reformatory attacked and killed inmate Eric Spells. The
evidence at trial, taken in the light most favorable to the government,
established the following facts. See Glasser v. United States, 315 U.S.

60, 80 (1942). Smith, Dotson, and other inmates met during the evening of January 9, 1997, in a corner of their dormitory at Lorton. Smith was overheard telling the rest of the group that they needed to get Eric and Robert Spells, also residents of the dormitory, "out of here." Early on January 10, 1997, one of the two guards monitoring the dormitory left to accompany Muslim inmates to their Ramadan meal. Smith put on a mask and gloves and awoke several inmates, including Dotson.

Armed with shanks, which are weapons made by prisoners, this group made its way to the double bunk where Eric and Robert Spells slept and attacked the two men. Robert Spells escaped to the front of the dormitory, the location of the lone correctional officer in the dormitory. A prisoner saw one of the attackers making a chopping motion with his arm as he stood over Eric Spells. Spells broke free and ran, but Smith caught up with Spells and stabbed him. Spells received ten stab wounds in all, from which he subsequently died.

Following a jury trial, Smith and Dotson were each convicted of first degree murder, in violation of Title 18 U.S.C.§§ 1111 and 2 (1994), and assault with a dangerous weapon, in violation of Title 18 U.S.C. §§ 113(a)(3) and 2 (1994). These appeals followed.

II

Smith argues that the district court erred in denying his motion for a new trial. Dr. Joseph Garceau, then Deputy Medical Examiner for the District of Columbia, testified at trial about the nature of stab wounds inflicted upon Eric Spells and asserted that Spells died as a result of the stabbing. The parties discovered subsequently that Dr. Garceau had not been licensed in the District of Columbia at the time of trial. Smith argues that the discovery of this new evidence entitles him to a new trial.

We review the district court's denial of a motion for a new trial for an abuse of discretion. See United States v. Singh, 54 F.3d 1182, 1190 (4th Cir. 1995). The standard for granting a motion for new trial consists of five parts: (a) the evidence must be newly discovered; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied upon must not be merely

3

cumulative or impeaching; (d) the evidence must be material to the issues involved; and (e) it must be such, and of such nature, as to probably produce an acquittal on a new trial. See United States v. Custis, 988 F.2d 1355, 1359 (4th Cir. 1993) (citations omitted).

Smith's motion fails because the evidence is merely impeaching. Dr. Garceau's licensing status does not alter his substantive conclusions about the cause of death. "[N]ew evidence going only to the credibility of a witness does not generally warrant the granting of a new trial." Custis, 988 F.2d at 1359 (citations omitted). Although we have suggested that there may be a "rare case" where impeaching evidence justifies a new trial, the instant case does not fit into this exception. See id. at 1359-60.

Furthermore, the evidence is immaterial. There is no evidence suggesting that Spells died of anything other than stab wounds, a fact which Smith concedes. The jury never heard whether Dr. Garceau was licensed; the court accepted Dr. Garceau as an expert based upon his 11-year experience as a forensic pathologist and his employment with the District of Columbia. A witness may be qualified as an expert by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. The district court did not abuse its discretion in denying Smith's motion.

III

Smith made several statements to agents of the Federal Bureau of Investigation following the attack, in which he named Dotson as a participant in Spells' murder. When the agents testified about these statements at trial, they replaced references to specific individuals, including Dotson, with the terms "associate" and "associates." Dotson asserts that this confession by his nontestifying codefendant was insufficiently redacted, in violation of Dotson's right under the Sixth Amendment to confront witnesses against him. We review the district court's rejection of this argument de novo, and we review factual findings, on which legal conclusions are based, under the clearly erroneous standard. See United States v. Williams , 977 F.2d 866, 869 (4th Cir. 1992).

In Bruton v. United States, 391 U.S. 123, 126 (1968), the Supreme Court held that if two defendants are tried jointly, the out-of-court

4

confession of a nontestifying defendant may not be used against his or her codefendant. There is no Confrontation Clause violation, however, when a limiting instruction is given and the confession is redacted to eliminate any reference to the existence of the codefendant. See Richardson v. Marsh, 481 U.S. 200, 211 (1987). The redactions may not be "directly accusatory," serving to "notify the jury that a name has been deleted." Gray v. Maryland , 118 S.Ct. 1151, 1156 (1998) (finding a Sixth Amendment violation where names in a confession were replaced with blank spaces or the term"deleted").

The prosecution's use of "associate" or "associates" does not violate the rule in Bruton. The Supreme Court has indicated that a preferred alternative to "Me, deleted, deleted, and a few other guys," is "Me and a few other guys." Gray, 118 S.Ct. at 1157. The latter statement is equivalent to "Smith and his associates." Testimony in the case indicated that at least three persons, and probably more, participated in the attack on Spells. Linking one individual, Dotson, to references to "associates" is the kind of inferential incrimination that falls outside of Bruton's scope. See Richardson, 481 U.S. at 208.

Dotson argues that the repeated use of "associate" was clumsy and invited the jury to assume that the term referred to the defendant sitting in front of them. Although repetitive and awkward substitutions might violate the Confrontation Clause in some instances, such is not the case here. The redaction "does not point directly to a defendant at all." Gray, 118 S.Ct. at 1156.

IV

Dotson next argues that the district court improperly denied his motion to sever his trial from Smith's trial. We review the denial of a motion for severance under the abuse of discretion standard. See United States v. Ford, 88 F.3d 1350, 1361 (4th Cir. 1996) (citations omitted). A defendant must show prejudice in order for a trial court's ruling on a motion for severance to constitute an abuse of discretion. See id. Dotson would have us find prejudice in the introduction of Smith's redacted confession. Because there was no violation of Bruton, 391 U.S. 123, the district court did not abuse its discretion by refusing to sever the trials.

5

V

Dotson argues finally that there was insufficient evidence to support the jury verdict against him. The relevant question for this court is whether "after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). It is the task of the jury, not a reviewing court, to weigh witness credibility and to resolve evidentiary conflicts. <u>See United States v. Burgos</u>, 94 F.3d 849, 862-63 (4th Cir. 1996).

Trial testimony indicated that Dotson met with Smith and other inmates before the attack on Spells, when Smith said that they needed to get Eric and Robert Spells out of the dormitory. Two witnesses saw Dotson participating in the struggle with Eric Spells. Dotson was also seen running back to his bunk after the attack, with a shank in his hand. Dotson challenges the credibility of the inmate witnesses. The jury has decided these questions of credibility, and we do not sit to reopen them. <u>See id.</u> There is sufficient evidence to support Dotson's convictions.

VI

The district court's judgments are affirmed.

No. 98-4151 - <u>AFFIRMED</u>

No. 98-4152 - <u>AFFIRMED</u>

6